```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                         CHARLOTTE DIVISION
                          3:08CV469-MU-02
```

JONATHAN MILLER,              )
      Petitioner,             )
                              )
           v.                 )          ORDER
                              )
ROY COOPER, North Caro-       )
   lina Attorney General,     )
      Respondent.             )
_____)


**THIS MATTER** comes before the Court on Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and his "Affidavit In Support Of Request To Proceed In Forma Pauperis," both filed October 10, 2008 (document ## 1 and 2, respectively). For the reasons stated herein, Petitioner's IFP motion will be granted solely for the purpose of allowing the Court to entertain his § 2254 Petition; however, the subject Petition will be dismissed as untimely filed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to his Petition, at some point in 2005, a jury convicted Petitioner of three counts of robbery with a dangerous weapon and one count of possession of a firearm by a convicted felon. Thereafter, in December 2005, the Superior Court of Mecklenburg County reportedly sentenced him to a total of 325-419 months imprisonment. Petitioner unsuccessfully appealed his

case to the North Carolina Court of Appeals. See North Carolina v. Miller, 183 N.C. App. 677, slip op. at 2-3 (May 1, 2007) (unpublished). Petitioner also unsuccessfully sought review in the State Supreme Court. See North Carolina v. Miller, 649 S.E. 2d 640 (June 27, 2007). However, Petitioner's Petition reports that he did not seek certiorari review in the U.S. Supreme Court. Nor did Petitioner seek collateral review in the State court system.

Instead, Petitioner came to this Court on claims that the trial Court failed to enforce its sequestration order; that at least one of the indictments under which he was convicted was defective because it "carried no mens rea and thus [did] not charge an offense . . . "; that his attorney was ineffective for not raising the issue of the allegedly defective indictment; and that his Sixth Amendment rights were violated by the prosecutor's introduction of certain photographic evidence.

However, upon this Court's initial review of Petitioner's claim, it observed that his Petition might be time-barred. Accordingly, on October 16, 2008, the Court entered an Order pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4t Cir. 2002), advising Petitioner of its observation that his Petition was time-barred, and instructing him to file a document explaining why such Petition should be construed as timely filed. Such Order gave Petitioner twenty days, that is, until November 5, 2008, in which to file his response. Nevertheless, as of today's date, November

2

12, 2008, Petitioner neither has filed a response nor requested additional time in which to do so.

## II. **ANALYSIS**

As was explained in the Court's Order of October 16, 2008, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
> >
> > (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence.[1]

Also as was noted in that Order, Petitioner alleges his direct review was concluded on June 27, 2007 at the State Supreme Court, he did not seek certiorari review in the U.S. Supreme Court, and he did not seek collateral review in State court. Consequently, Petitioner's case became final on September 25, 2007, that is, at the expiration of the 90-day period during which he could have sought (but did not seek) review in the U.S. Supreme Court. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting 90-day grace period); and 28 U.S.C. § 2241(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").

However, Petitioner did not file this Petition until October 7, 2008, i.e., the date on which he properly addressed his pleading and submitted it to prison officials for posting to this Court. See Houston v. Lack, 487 U.S. 266 (1988) (noting that inmates' pleadings should be considered filed on the date that they are delivered to prison authorities for mailing). And, although Petitioner was given the opportunity to do so, he has not set forth any other date for the Court to consider in its calculation of his

---

[1] The AEDPA also provides for the exclusion of any time which elapses while a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. However, Petitioner did not seek any collateral review in State court; therefore, that provision is irrelevant here.

4

limitations period.  Therefore, the Court must conclude that Petitioner's limitations period expired on September 25, 2007 and that this Petition was untimely filed.  Moreover, while the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where–-due to circumstances external to the party's own conduct–-it would be unconscionable to enforce the limitations period against the party and gross injustice would result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), Petitioner also has not articulated any such rare instances to excuse his untimely filing.

On the contrary, certain documents which accompanied Petitioner's Petition to this Court reflect that he timely attempted to file his Petition on September 23, 2008; however, the Petition was returned to him by the U.S. Postal Service due to his failure to provide this Court's correct address on his envelope. In fact, that first envelope never was delivered to this Court, and by the time that Petitioner corrected his error and re-sent his Petition on October 7, 2008, his September 25th filing deadline already had expired.  Inasmuch as Petitioner's error in sending his Petition to the wrong address was not a circumstance external to his own conduct, it would not be unconscionable for this Court to reject his Petition as untimely filed. See United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (noting requirement that circumstances which prevented timely filing be beyond petitioner's

control). To put it another way, a petitioner who waits, for no explicable reason, to submit his pleading within hours of the expiration of his one-year filing deadline must bear the risk of any adverse consequences which result from that delay.

### III. CONCLUSION

Petitioner's Petition was filed outside of the applicable one-year limitations period, and he has failed to establish a basis for the equitable tolling of any such deadlines. Accordingly, the instant Petition must be <u>dismissed</u> as time-barred.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's IFP application is **GRANTED** for the sole purpose of allowing this Court to entertain his untimely filed <u>Habeas</u> Petition; and

2. Petitioner's Petition for a Writ of <u>Habeas Corpus</u> is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: November 12, 2008

*/s/ Graham C. Mullen*

Graham C. Mullen
United States District Judge