```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
                3:08CV469-MU-02
```

```
JONATHAN MILLER,            )
      Petitioner,           )
                            )
          v.                )         ORDER
                            )
ROY COOPER, North Caro-     )
  lina Attorney General,    )
      Respondent.           )
_____)
```

**THIS MATTER** comes before the Court on Petitioner's Reply to Court Order, filed November 10, 2008. Inasmuch as Petitioner's IFP Request already was granted and his Habeas Corpus Petition was denied and dismissed, the instant Reply will be construed as a motion for reconsideration and relief from judgment under Rule 60(b) of the Fed.R.Civ.P.. In any case, Petitioner's request for relief from judgment will be denied and his request for reconsideration of the initial denial of his request for in forma pauperis status will be dismissed as moot.

As the Court recounted in its Order of dismissal (entered November 12, 2008) in 1995, a jury convicted Petitioner of three counts of robbery with a dangerous weapon and one count of possession of a firearm by a convicted felon, and in December 2005, the Superior Court of Mecklenburg County reportedly sentenced him to a total of 325-419 months imprisonment. Petitioner unsuccessfully appealed his case to the North Carolina Court of

Appeals, see North Carolina v. Miller, 183 N.C. App. 677, slip op. at 2-3 (May 1, 2007) (unpublished); and he unsuccessfully sought review in the State Supreme Court, see North Carolina v. Miller, 649 S.E. 2d 640 (June 27, 2007). However, Petitioner did not seek certiorari review in the U.S. Supreme Court. Nor did Petitioner seek collateral review in the State court system.

On October 10, 2008, this Court received Petitioner's Petition by which he was attempting to challenge his convictions on four separate grounds. However, upon initial review, the Court observed that the pleading might have been untimely filed. Thus, on October 16, 2008, the Court entered an Order, pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4t Cir. 2002), advising Petitioner of its observation and instructing him to file a document explaining why the Petition should be construed as timely filed. Such Order gave Petitioner until November 5, 2008, in which to file his response.

On November 12, 2008, the Court checked its docket and no response was entered from Petitioner. Consequently, on that date, the Court entered an Order dismissing Petitioner's Petition as time-barred. More specifically, that Order stated that pursuant to the AEDPA, Petitioner's case became final on September 25, 2007, that is, at the expiration of the 90-day period during which he could have sought (but did not seek) review in the U.S. Supreme Court. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting 90-day grace period); and 28 U.S.C. § 2241(d)(1) (noting that the

2

1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Therefore, the Court concluded that because Petitioner had not filed his Petition until October 7, 2008, i.e., the date on which he properly addressed his pleading and submitted it to prison officials for posting to this Court, the Petition was untimely filed. See Houston v. Lack, 487 U.S. 266 (1988) (noting that inmates' pleadings should be considered filed on the date that they are delivered to prison authorities for mailing).

Moreover, the Court determined that Petitioner had failed to respond to its Hill Order and thereby provide a basis for the Court to use a different date to calculate his limitations period or otherwise excuse his delay. Accordingly, the Court concluded that the Petition had to be dismissed as untimely filed.

Today, it has come to the Court's attention that Petitioner did file a response to the Court's Hill Order -- the instant Reply -- on November 10, 2008, but such response inexplicably was not entered on the Court's docket until November 13, 2008. Nevertheless, because the response shows a signature date by Petitioner of November 6, 2008, which was one day after this response was due in Court, the undersigned will treat the so-called "Reply" as a motion for relief from judgment under Rule 60(b). Notwithstanding that determination, however, it still is apparent

3

that Petitioner is not entitled to any relief under this motion.

To be sure, in order for Petitioner to obtain relief under Rule 60(b), he must allege: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  As broad as that language may appear to be, it is clear that "Rule 60(b) does not authorize a motion merely for reconsideration of an issue . . . . Where the motion is nothing more than a request that the district court change its mind, [] it is not authorized by Rule 60(b)" U.S. v. Williams, 674 F.2d 310, 313 (4th Cir. 1982), citing 11 Wright & Miller, Fed. Prac. and Proc. § 2872 (1973); see also Adkins v. N.C. Att'y Gen., 217 F.3d 837 (4th Cir. 2000); U.S. v. Akas, 172 F.3d 45 (4th Cir. 1998); and Copley v. U.S., 106 F.3d 390 (4th Cir. 1997).

Petitioner's motion states that he initially sent his Petition to an erroneous address which he was given by an otherwise

4

unidentified staff member; that it took almost three weeks for the U.S. Postal service to return the document to him; that he re-mailed his Petition to this Court's correct address, which address he somehow was able to obtain, during the first part of October; and that he wants the Court to consider his claims on their merits. However, at the time that it dismissed his Petition as untimely filed, the Court was aware that Petitioner initially had attempted to submit his Petition to the Court before the expiration of his one-year limitations period. Thus, Petitioner's revelations -- that his error was the result of his having gotten an erroneous address from a prison employee and that there was a three-week delay in the Postal Service's return of his document -- simply do not excuse his delay.

Indeed, the Postal Service's three-week delay is of little import because Petitioner's one-year limitations period expired a mere two days after he gave his Petition to prison authorities for mailing to this Court. That is, even if it took three weeks for the Petition to be returned to Petitioner from the time he mailed it, his one-year deadline expired during the first two days of that three-week journey. More critically, as was noted in the Court's Order of dismissal, because Petitioner chose to delay the submission of his Petition to this Court until 48 hours before the expiration of his deadline he, alone, also must bear the consequences of that choice. In sum, therefore, Petitioner has

failed to show that the Court's judgment should be disturbed.

Finally, Petitioner's motion also asks the Court to reconsider its initial determination that he should pay the $5.00 filing fee for this action. However, in its Order of dismissal, the Court essentially vacated its initial determination and granted Petitioner's request for <u>in forma pauperis</u> status for the sole purpose of allowing the Court to entertain the Petition and enter the Order of dismissal. Therefore, Petitioner's request for reconsideration will be <u>dismissed</u> as moot.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Reply to Court Order (document # 6), construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b) is **DENIED;** and

2. Petitioner's request for reconsideration of his IFP Application (document # 6) is **DISMISSED** as moot.

**SO ORDERED.**

Signed: November 18, 2008

Graham C. Mullen
United States District Judge